IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERTHA JOHNSON, | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration, | : | |
| Defendant | : | NO. 21-1800 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                         January 24, 2022

Bertha Johnson ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Plaintiff has filed a brief in support of her request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is granted.

### I.   PROCEDURAL HISTORY[1]

On June 7, 2018, Plaintiff applied for DIB, alleging disability, because of physical and mental health impairments, that commenced on February 1, 2011. R. 26. The claim was denied, initially; therefore, Plaintiff requested a hearing. *Id.* On December 3, 2019 and April 16, 2020 Plaintiff appeared before Jon C. Lyons, Administrative Law Judge ("the ALJ"), for administrative hearings. *Id.* Plaintiff, represented by an attorney, testified at the first hearing; Gary Young, a vocational expert, ("the VE") testified at the second hearing. *Id.* On May 22, 2020, the ALJ, using

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Statement of Issues and Brief in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

1

the sequential evaluation process for disability, issued an unfavorable decision.[2] R. 26-34. The Social Security Administration's Appeals Council denied Plaintiff's request for review, on February 19, 2021, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.  FACTUAL BACKGROUND

A.  Personal History

Plaintiff, born on December 9, 1971, R. 33, was 48 years old on the date of the ALJ's decision. She completed high school, R. 45, and has no past relevant work. R. 33. Plaintiff lives with her daughter. R. 47.

B.  Plaintiff's Testimony

At the December 3, 2019 hearing, Plaintiff testified about her limitations.[3] Plaintiff said she could not work because she was unable to complete tasks on a daily basis. R. 64. She also

---

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 416.920(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 416.920(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 416.920(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 416.920(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, she is or is not disabled. *See* 20 C.F.R. § 416.920(g).

[3] At the April 16, 2020 hearing, Plaintiff's attorney provided a most of the information about Plaintiff's case to the ALJ. R.46 -54. Plaintiff provided very little testimony. R. 43-46.

suffered from constant depression. R. 64. At that time, Plaintiff found it difficult to leave her house on many days; often, she isolated herself and cried. R. 68.

Plaintiff also addressed a gap in her mental health treatment. R. 65-66. The ALJ was under the impression that Plaintiff had several periods where she started treatment and was discharged from treatment, only to begin again. R. 65. Plaintiff explained that she had only been discharged once, on the first anniversary of her son's death. R. 66. However, after being discharged, she called her mental health provider repeatedly to get reinstated; at the time of the hearing, Plaintiff was again receiving treatment. R. 65.

C. Vocational Testimony

The VE was asked to consider a person of Plaintiff's age, education and work experience, who could: lift 20 pounds occasionally and 10 pounds frequently; stand or walk for four hours and sit for six hours; not do work requiring complicated instructions, processes or procedures; and tolerate no more than occasional interactions with supervisors, coworkers and the public. R. 55. The VE identified the following, sedentary[4] jobs this person could perform: (1) assembler (25,000 positions in the national economy); (2) inspector (12,000 positions in the national economy); and (3) sorter (15,000 positions in the national economy). R. 55-56.

### III. THE ALJ's FINDINGS

In his decision, the ALJ issued the following findings:

1. [Plaintiff] has not engaged in substantial gainful activity since June 7, 2018, the application date (20 CFR 416.971 *et seq.*).

2. [Plaintiff] has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; degenerative joint disease of the bilateral knees; obesity;

---

[4] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking or standing is often necessary in carrying out job duties." 20 C.F.R. § 416.967(a).

        major depressive disorder; post traumatic stress disorder (PTSD); and anxiety disorder (20 CFR 416.920(c)).

3. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925, and 416.926).

4. After careful consideration of the entire record, I find that [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except lift and carrying twenty pounds occasionally and ten pounds frequently; stand and/or walk for four hours; sit for six hours; limited to noncomplex tasks with no complicated instructions, processes, or procedures; and no more than occasional interaction with supervisors, coworkers, or the public.

5. [Plaintiff] has no past relevant work (20 CFR 416.965).

6. [Plaintiff] was born on December 9, 1971 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).

7. [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not an issue because [Plaintiff] does not have past relevant work (20 CFR 416.968).

9. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform (20 CFR 416.969, 416.969(a)).

10. [Plaintiff] has not been under a disability, as defined in the Social Security Act, since June 7, 2018, the date the application was filed (20 CFR 416.920(g)).

R. 28-29, 30, 32-34.

## IV. DISCUSSION

A. <u>Standard of Review</u>

        Judicial review of the Commissioner's final decision is as follows. The Commissioner's

findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91.

B.  <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460

(1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents her from returning to her past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that her impairment results in functional limitations to performing her past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given her age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C.  Review of the Administrative Law Judge's Decision

Applying the sequential evaluation process, the ALJ determined that, even though Plaintiff had no past relevant work, she could perform other sedentary jobs that exist in the national economy and, hence, was not disabled. R. 26-34. Plaintiff disputes the ALJ's decision and argues that the ALJ reversibly erred by improperly evaluating her residual functional capacity ("RFC"). Pl. Br. at 3-13. Plaintiff also argues that the appointment of the prior Commissioner, Andrew Saul, violated the separation of powers. Pl. Br. at 13-15. The Commissioner denies Plaintiff's assertions. Resp. at 3-24. This court finds that Plaintiff's RFC argument has merit. Hence, the court will not address her constitutional argument.[5]

Plaintiff complains that the ALJ: failed to provide an adequate reason to discount the consultative psychological examiner's (Lan Yang, Psy. D.) opinions; and ignored the Plaintiff's psychological treatment notes. P. Br. at 3-13. This court agrees that the ALJ committed reversible error by ignoring Plaintiff's treatment notes and this error also affected his consideration of Dr.

---

[5] Plaintiff represents that, if she prevails on her non-constitutional argument, this court need not address the constitutional argument she raises. Reply at 4.

6

Yang's opinions. On remand, the ALJ shall explicitly consider Plaintiff's mental health treatment notes from the Wedge and explain whether or not these treatment notes support Dr. Yang's opinions.

An ALJ has the duty to explicitly consider evidence that would support a conclusion that is different from one he reaches; if he rejects the contrary evidence, he must explain why. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (citations omitted). Further, when considering how persuasive a medical opinion is, the most important factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability refers to the medical evidence and supporting explanations a medical source provides; the more an opinion is supported, the more persuasive it will be. 20 C.F.R. § 416.920c(c)(1). Consistency refers to how consistent a medical source's opinions are with evidence from other medical and nonmedical sources in the record; the more consistent an opinion is with the other evidence, the more persuasive it will be. 20 C.F.R. § 416.920c(c)(2).

Herein, Dr. Yang found that Plaintiff was markedly[6] limited in her ability to interact with supervisors, coworkers and the public and respond appropriately to usual work situations and changes in a routine work setting. R. 777. This is a greater degree of limitation than the ALJ found, since he concluded that Plaintiff could tolerate occasional interaction with supervisors, coworkers and the public and he found **no limitation** in her ability to respond appropriately to usual work situations and changes in a routine work setting. R. 30. Hence, the ALJ had a duty to explain his rejection of Dr. Yang's opinions. *Adorno*, 40 F.3d at 48.

Although the ALJ stated that he rejected Dr. Yang's opinions, because he thought they were inconsistent with Dr. Yang's exam findings, R. 32, he failed to consider whether Dr. Yang's

---

[6] Markedly was defined as "Functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited." R. 776.

opinions were consistent with Plaintiff's mental health treatment notes from the Wedge. *See* R. 32. Further, when the ALJ mentioned Plaintiff's treatment notes from the Wedge (contained in Exhibits 9F and 10F), he only considered mental treatment notes for the time period before she was discharged from treatment. R. 32. Despite Plaintiff's testimony alerting the ALJ that she had reinstated treatment, R. 65, he failed to mention that fact as well the existence of additional treatment notes, R. 32, that are contained in Exhibits 11F and 13F, and verify that Plaintiff resumed treatment in the same month she was discharged, July 2019. R. 733. Furthermore, those ignored treatment notes are consistent with Dr. Yang's opinions, which is a relevant factor under 20 C.F.R. § 416.920c(b)(2). For example, on December 6, 2019, Plaintiff's therapist noted that, despite resuming treatment on July 23, 2019, Plaintiff still suffered from flashbacks, hypervigilance, feelings of "unsafety," and paranoia; Plaintiff's treatment goal was to stop isolating herself and to improve communication. R. 783. Additionally, despite regular treatment, on March 17, 2020, Dr. David Austria reported that Plaintiff's condition was "minimally improved", with "little or no clinically meaningful reduction of symptoms." R. 789.

    On remand, the ALJ shall explicitly consider Plaintiff's additional treatment notes and explain whether, in light of these treatment notes, he declines to accept Dr. Yang's opinions that Plaintiff was markedly limited in her ability to interact with supervisors, coworkers and the public and respond appropriately to usual work situations and changes in a routine work setting. If the ALJ accepts Dr. Yang's opinions, he shall re-determine Plaintiff's RFC.

    An implementing order and order of judgment follow.